UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THEODORE BRENNAN, | * | CIVIL ACTION NO. 13-2491 |
| BRIDGET BRENNAN TYRRELL and | * | |
| BRENNAN'S, INC. | * | |
|     Plaintiffs, | * | SECTION: "E" (1) |
| | * | |
| VERSUS | * | |
| | * | |
| | * | |
| OWEN E. "PIP" BRENNAN, | * | JUDGE SUSIE MORGAN |
| BLAKE W. BRENNAN, and | * | |
| BERT CLARK BRENNAN | * | |
| | * | MAGISTRATE SHUSHAN |
|     Defendants | * | |

*********************************************

### RESPONSE OF DEFENDANTS TO
### STATEMENT OF JOINT REPRESENTATION

The Brennan Defendants respectfully request that the Court consider the following Response as it considers the Statement of Stone Pigman Walther Wittmann LLC ("Stone Pigman") Concerning Joint Representation **[Doc. #18]**:

1.    At this Court's May 2, 2013, status conference, this Court *sua sponte* raised the issue of the ability of Stone Pigman to represent Brennan's Inc. along with Ted Brennan and Bridget Tyrrell. Stone Pigman's Statement does address some of the issues of their joint representation, but it does not specifically address the most prominent issue.

2.    On December 13, 2013, this Honorable Court found that Kenyon and Kenyon are holding two judgments against Brennan's Inc., currently totaling over $4.3M. This Court found that Ted Brennan is indebted to Brennan's Inc. in an amount at least equal to the Kenyon and

Kenyon debt. This Court found that Brennan's Inc. was not seeking repayment of the debt from Ted Brennan. Finally, this Court found that such circumstances "caused or increased" Brennan Inc's insolvency. The circumstance described by the Court occurred while Brennan's Inc. was under the control Ted Brennan and Bridget Tyrrell.[1]

2. On December 18, 2013, this Court entered Judgment against Ted Brennan in favor of Brennan's Inc. for $4.3M "without prejudice to Brennan's Inc.'s rights to establish and/or collect additional amounts due and owing" from Ted Brennan.[2]

3. All counsel and this Court appreciate the dire financial circumstances under which Brennan's Inc. is currently trying to operate. A May 23, 2013, foreclosure of the LEGGO debt is on the horizon. Therefore it is incumbent that all measures be taken to raise cash and/or collect Brennan's Inc.' debts, especially the judgment debt against Ted Brennan that could be used to satisfy in whole or in part the debt owed Kenyon and Kenyon. However, no steps are being taken to collect such debt. Although such collection would be in the best interest of Brennan's Inc, it would not be in the best interest of Ted Brennan.

4. Under similar circumstances, the Fifth Circuit has held that an attorney is disqualified from representation of general and limited partners in a bankruptcy proceeding. "A non-debtor general partner's assets will often be tapped to cover deficiencies in a limited partner's [bankruptcy] estate." Consequently, out of an overabundance of caution, the Fifth Circuit has held that such dual representation creates an actual conflict and "will always"

---

[1] Findings of Fact and Conclusions of Law, December 13, 2012, Civil Action No. 12-137 [Doc. # 187].

[2] Final Judgment, December 18, 2012, Civil Action No. 12-137 [Doc. # 192].

disqualify the attorney.  *In re W.F. Development,* 905 F.2d 883, 884 (5th Cir. 1990).  *In re W.F. Development* was decided based on principles of partnership and bankruptcy law.  However, those principles are sound and should lead to the same result in the instant case.  By Judgment of this Court, Ted Brennan's assets are available for collection to pay the Kenyon and Kenyon debt of Brennan's Inc.  Under the current circumstances of Brennan's Inc's debt load, with foreclosure on the horizon, and an immediate need to go after Ted Brennan's debt to the corporation, Stone Pigman cannot represent Brennan's Inc..

     5.     On March 20, 2013, a *Writ of Fifa* was executed on Brennan's Inc. for the property of Ted Brennan. [3]  On April 25, 2013, this Honorable Court entered it's Order finding that pursuant to the February *Writ of Fifa*, Kenyon & Kenyon was entitled to control of Ted Brennan's stock certificate assets. [4]  Pursuant to the *Writ of Fifa*, all property interests and rights of Ted Brennan, in and/or arising from Brennan's Inc., have been seized in favor of the Kenyon and Kenyon debt.  This would include any right that Ted Brennan would have to obtain payment of his legal fees from Brennan's Inc..  Brennan's Inc. is prohibited from paying legal fees to Stone Pigman on behalf of Ted Brennan directly and/or indirectly through payment of legal fees on behalf of Bridgett Tyrrell.

     DATED this the 5th day of May, 2013.

                                                   Respectfully submitted,
                                                   OWEN E. "PIP" BRENNAN, JR.

                                    By:    */s/C. Victor Welsh, III*
                                              C. VICTOR WELSH, III, *pro hac*

---

[3] Return of Service *Writ of Fifa*, March 26, 2013 Civil Action No. 12-137 [Doc. # 231].

[4] Order, April 25, 2013, Civil Action No. 12-137 [Doc. # 241].

## CERTIFICATE OF SERVICE

I, C. Victor Welsh, III, certify that a true and correct copy of the above pleading has been served on all counsel through the Court's electronic filing system, forwarded by electronic mail and/or by placing the same in the United States mail, postage prepaid on this 5th day of May, 2013.

                By: */s/C. Victor Welsh, III*
                   C. VICTOR WELSH, III, *pro hac*

OF COUNSEL:

C. VICTOR WELSH, III, ESQ. (MSB# 7107), *pro hac*
PITTMAN, GERMANY, ROBERTS & WELSH, L.L.P.
POST OFFICE BOX 22985
JACKSON, MS 39225-2985
PHONE: (601) 948-6200
FAX: (601) 948-6187

JEAN-PAUL LAYRISSON
SCANDURRO & LAYRISSON, L.L.C.
607 St. Charles Avenue
New Orleans, LA 70130
PHONE: (504) 522-7100
FAX: (504) 529-6199