UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THEODORE BRENNAN, et al., <br>     Plaintiffs | CIVIL ACTION |
| VERSUS | No. 13-2491 |
| OWEN E. BRENNAN, et al., <br>     Defendants | SECTION "E" |

ORDER AND REASONS

At a May 2, 2013 status conference, the Court raised an issue relating to a potential conflict of interest resulting from the law firm of Stone Pigman Walther Wittman, LLC's ("Stone Pigman") concurrent representation of (1) plaintiffs Theodore Brennan ("Ted Brennan") and Bridget Brennan Tyrrell ("Bridget Brennan") and (2) plaintiff Brennan's, Inc. in this case and any cases consolidated herewith.[1]  As directed by the Court, Stone Pigman provided the Court with a memorandum addressing the ethical propriety of their concurrent representation arrangement on May 3, 2013.[2]  In addition, Stone Pigman submitted, for *in camera* review, a declaration of Phillip Wittmann, one of the Stone Pigman attorneys of record for plaintiffs in this case, as well as Stone Pigman's engagement letters with the three clients.  Defendants Owen "Pip" Brennan ("Pip Brennan"), Blake Brennan, and Bert Clark Brennan ("Clark Brennan") have filed a pleading arguing Stone Pigman must be disqualified as counsel for the corporation.[3]  For the reasons set forth below, Stone Pigman's concurrent representation presents a serious conflict of interest, and

---

[1] *See* R. Doc. 17.

[2] R. Doc. 18.

[3] R. Doc. 25.

1

the Court finds the only appropriate method for resolving the conflict is the disqualification of Stone Pigman as counsel for Brennan's, Inc.

## BACKGROUND

In this case, Ted Brennan and Bridget Brennan, purporting to be the only two shareholders of Brennan's, Inc., have sued Ted Brennan's brother Pip Brennan and Pip Brennan's two sons, Blake Brennan and Clark Brennan.[4] Ted Brennan and Bridget Brennan contend that Pip Brennan and his sons are not shareholders in Brennan's, Inc., and they seek injunctive relief preventing Pip Brennan and his sons from interfering with the business of the corporation.[5] They also seek a declaratory judgment that an April 26, 2013 shareholders meeting called by Pip Brennan was invalid; that none of the changes made at this meeting have any effect; that Pip Brennan and his sons are not shareholders in the corporation; and that Ted Brennan and Bridget Brennan are the only shareholders in the corporation.[6] Plaintiffs' requests for preliminary and permanent injunctive relief and for a declaratory judgment will be heard simultaneously in a summary proceeding on May 13, 2013.[7]

Pip Brennan and his sons have responded to the pleadings filed by Ted Brennan and Bridget Brennan by arguing that the April 26, 2013 shareholders meeting was valid and that, as a result of the meeting, neither Ted Brennan nor Bridget Brennan continue to be

---

[4] *See* R. Doc. 1-3 (state court pleadings filed by plaintiffs); R. Doc. 1-4 (same). Shortly after this case was filed in state court, defendants removed the case to this Court. *See* R. Doc. 1 (notice of removal).

[5] *See* R. Doc. 1-3; R. Doc. 1-2; R. Doc. 2; *see also* R. Doc. 22.

[6] *Id.*

[7] R. Doc. 17.

officers or directors of the corporation.[8] Pip Brennan and his sons argue that Ted Brennan lost his shareholder status on March 20, 2013, when the Court authorized the issuance of a writ of *fieri facias* on Ted Brennan.[9] Pip Brennan and his sons also argue Bridget Brennan has never been a shareholder in the corporation, as the corporation's issuance of treasury stock to Bridget Brennan, which purportedly gave her shareholder status, was a violation of the corporation's Articles of Amendment and Louisiana law. In addition, Pip Brennan and his sons have filed a counterclaim seeking a Writ of Quo Warranto and a Writ of Mandamus,[10] both of which are Louisiana state law methods for determining, *inter alia*, who are the shareholders, officers, and directors in a corporation. The counterclaim will also be heard at the May 13, 2013 hearing.

Stone Pigman's legal argument is premised on its assertion that Ted Brennan and Bridget Brennan are the only two shareholders of Brennan's, Inc. However, the issue before the Court at the May 13, 2013 hearing is the determination of the shareholders, officers, and directors of the corporation. Stone Pigman's justification for its concurrent representation cannot be based on an assertion that has yet to be proven.

## ANALYSIS

For guidance on this issue, the Court first looks to the "local rules promulgated by the Court itself." *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F. 3d 1304, 1312 (5th Cir. 1995). The

---

[8] *See* R. Doc. 6; R. Doc. 16.

[9] *See* Civil Action No. 12-137, R. Doc. 203 (writ of *fieri facias*); Civil Action No. 12-137, R. Doc. 231 (return of service of writ of *fieri facias* on Brennan's, Inc.). On April 25, 2013, Magistrate Judge Shushan ordered that the plaintiffs in Civil Action No. 12-137 was is entitled, pursuant to the writ of *fieri facias*, to take control of Ted Brennan's stock certificates. *See* Civil Action No. 12-137, R. Doc. 241. After the April 26, 2013 meeting, counsel for Ted Brennan delivered Ted Brennan's stock certificates to counsel for the plaintiffs in Civil Action No. 12-137.

[10] R. Doc. 20.

Local Rules for the Eastern District of Louisiana (the "Local Rules") incorporate the Rules of Professional Conduct of the Louisiana State Bar (the "Louisiana Rules").  *See* LR 83.2.3.  However, because the Court reserves the right to diverge from the Louisiana Rules, the Louisiana Rules are not the "sole authority" governing motions to disqualify.  *U.S. Fire Ins. Co.*, 50 F.3d at 1312.   As such, the Court also considers the American Bar Association's Model Rules of Professional Conduct (the "Model Rules") and the American Bar Association's Model Code of Professional Conduct (the "Model Code").  *See Horaist v. Doctor's Hospital of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001); *see also CEF Funding, LLC v. Sher Garner Cahill Richter Klein & Hebert, LLC*, No. 09-6623, 2010 WL 2773116, at *1 (E.D. La. July 9, 2010) (Africk, J.).  The Local Rules, the Louisiana Rules, the Model Rules, and the Model Code[11] are virtually identical with respect to the conflict of interest issue in this case. In addition to these formal rules, the Court considers whether an attorney's conflict has the appearance of impropriety or creates a possibility that a specific impropriety will occur, and the Court considers whether "the likelihood of public suspicion from the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case." *In re Dresser Industries*, 972 F.2d 540, 543–44 (5th Cir. 1992) (citing *Woods v. Covington County Bank*, 537 F.2d 804, 812-13 (5th Cir. 1976)).

Louisiana Rules 1.7 and 1.13 are relevant in this case.  Louisiana Rule 1.13 provides, in part, as follows:

---

[11] The Model Code was effectively superseded when the Model Rules were adopted in 1983. *CEF Funding*, 2010 WL 2773116, at *1 n. 11. Accordingly, "the extent to which the Model Code should be considered is somewhat in doubt, especially when considered in light of contradictions with the Model Rules and the Louisiana Rules." *Id.* (citing *P & J Daiquiri Café, Inc. v. Knox*, No. 07-6617, 2008 WL 731030, at *2 (E.D. La. Mar. 17, 2008) (Barbier, J.).

> (a) A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.
>
> \*\*\*
>
> (g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of Rule 1.7. If the organization's consent to the dual representation is required by Rule 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.

LA. RULES PROF'L CONDUCT 1.13(a), (g). Louisiana Rule 1.7 provides as follows:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> > (1) the representation of one client will be directly adverse to another client; or
> > (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> > (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> > (2) the representation is not prohibited by law;
> > (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; *and*
> > (4) each affected client gives informed consent, confirmed in writing.

LA. RULES OF PROF'L CONDUCT 1.7 (emphasis added).

As explained above, the determination of the proper shareholders, directors, and officers of Brennan's, Inc. is at the heart of this case. Likewise, despite Stone Pigman's argument to the contrary, the issue of whether Ted Brennan and Bridget Brennan are, in fact, shareholders in Brennan's, Inc. is very much in dispute. In addition, the Court notes that the corporation's interest in this case is not in having certain individuals serve as its shareholders, officers, and directors, as Stone Pigman argues, but in its being operated in accordance with its articles, bylaws, and all applicable state laws. The corporation cannot take a position in a dispute involving the status of individuals as shareholders, officers, and directors. Thus, Stone Pigman's representation of Ted Brennan, Bridget Brennan, and the corporation presents a clear conflict of interest under Louisiana Rule 1.7(a)(1), or, at the very least, presents "a significant risk" that the firm's representation of Bridget Brennan and Ted Brennan will materially limit its representation of the corporation. *See* LA. RULE PROF'L CONDUCT 1.7(a)(2).

Stone Pigman is correct that in certain circumstances such a conflict may be waived. However, to validly waive this conflict, all four of the requirements in 1.7(b) must be met, including the valid, informed consent of each affected client. In this case, the Court finds the corporation's purported informed consent to the waiver of the conflict is not valid. Again, Stone Pigman's waiver argument assumes that Ted Brennan and Bridget Brennan are the only shareholders, officers, and directors, and thus they are clearly authorized to waive any conflict. The Court reiterates that, if Ted Brennan and Bridget Brennan are not, in fact, shareholders in the corporation, or are not the only shareholders in the corporation,

they may or may not be authorized to speak on behalf of the corporation, and thus may not consent to a conflict waiver on behalf of the corporation. Because Brennan's, Inc. is an entity independent of any of its purported shareholders and has interests not necessarily aligned with those purported shareholders, neither Ted Brennan nor Bridget Brennan can give valid, informed consent to Stone Pigman's concurrent representation. As a result, the Rule 1.7 conflict of interest has not been waived in this case, and, in the face of this conflict, the Court has no choice but to disqualify Stone Pigman as counsel for the corporation.[12]

## CONCLUSION

Stone Pigman is a respected firm in this community, and the firm was clearly mindful of its ethical duties and responsibilities in this case. Nevertheless, the unique circumstances of this case are such that Stone Pigman cannot simultaneously represent Ted Brennan and Bridget Brennan and Brennan's, Inc. while also maintaining compliance with the relevant rules of professional conduct.

Accordingly, in the interest of justice and to comply with the relevant rules of professional conduct, **IT IS ORDERED** that Stone Pigman be and hereby is **DISQUALIFIED** as counsel of record for Brennan's, Inc. in this matter and any matter consolidated herewith.

**IT IS FURTHER ORDERED** that Brennan's, Inc. shall enroll new counsel in this matter no later than **May 7, 2013,** at **12:00 p.m. noon.** Failure to comply with this

---

[12] The Court also notes that, on December 18, 2012, judgment was entered in favor of Brennan's Inc. and against Ted Brennan in the amount of $4,322,840.27, plus legal interest until paid in full, without prejudice to Brennan's Inc.'s rights to establish and/or collect additional amounts due and owing from Ted Brennan. *See* Civil Action No. 12-137, R. Doc. 192. As a result of this judgment and because it has not yet been satisfied, Ted Brennan's and the corporation's financial interests are directly adverse, creating another conflict of interest resulting from Stone Pigman's concurrent representation and for which a valid waiver cannot be obtained. The Court finds this to be yet another reason why Stone Pigman must be disqualified as counsel for the corporation in this case.

deadline may result in sanctions.[13]

**New Orleans, Louisiana, this  6th  day of May, 2013.**

```
                    _____
                         SUSIE MORGAN
                  UNITED STATES DISTRICT JUDGE
```

---

[13] It is well-settled that a corporation may not proceed in this Court without the representation of a properly licensed attorney. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *Southwest Express Co., Inc. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982)).